IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



DAVID MICHAEL TROTMAN, JR.,

    Plaintiff,

v.                            Civil Action No. 3:17CV716

C.S.H., et al.,

    Defendants.

**MEMORANDUM OPINION**

David Michael Trotman, Jr., a former Virginia inmate,[1] has submitted this ambiguous civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2) and Trotman's compliance with the Court's November 27 and December 8, 2017 Memorandum Orders. Specifically, by Memorandum Order entered November 27, 2017, the Court directed Trotman to submit a particularized complaint. (ECF No. 5.) The Court noted that Trotman's submissions failed to provide each named defendant "with fair notice of the facts and legal basis upon which his or her liability rests." (Id. at 1-2 (citation omitted).) The Court also warned Trotman that if he failed to submit an appropriate particularized complaint that comported with the joinder requirements as set forth in the Memorandum Order, the

---

    [1] It does not appear that Trotman was incarcerated at the time he filed this action. (ECF No. 8.)

Court would drop all defendants not properly joined with the first named defendant. (Id. at 3-4.)

By Memorandum Order entered on December 8, 2017, the Court directed Trotman, within fourteen (14) days of the date of entry thereof, to inform the Court of whether he was incarcerated when he first submitted his Motion for Leave to Proceed in Forma Pauperis to the Eastern District of Virginia in October 2017. (ECF No. 6, at 2.) The Court warned Trotman that a failure to respond would result in dismissal of the action without prejudice. (Id.)

On December 11, 2017, the Court received Trotman's Particularized Complaint. (ECF No. 7.) On December 18, 2017, the United States Postal Service returned the Court's December 8, 2017 Memorandum Order marked with what appears to read, "DISCHARGED RETURN TO SENDER." (ECF No. 9, at 1.) On December 21, 2017, the Court received from Trotman a notice of change of address, and the Clerk mailed a second copy of the December 8, 2017 Memorandum Order to Trotman. (ECF No. 10.) More than fourteen (14) days have elapsed since the Clerk mailed a second copy of the December 8, 2017 Memorandum Order to Trotman and Trotman has not responded. Trotman failed to comply with the directives of the Court, and for this reason alone, this action can be dismissed.

Nevertheless, because Trotman filed a Particularized Complaint and because the Court received the information about the dates of Trotman's confinement from the Office of the Sheriff of the County of Suffolk, New York (see ECF No. 8), the Court will turn to a preliminary review of the Particularized Complaint. As explained below, the Particularized Complaint is untimely and legally frivolous.[2]

I. **PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

---

[2] The Court notes that Trotman's Particularized Complaint fails to comport with joinder requirements. Nevertheless, because Trotman's claims are either untimely or frivolous, the Court addresses all of the claims.

3

applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative

4

level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, sua sponte, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF CLAIMS AND DEFENDANTS

Trotman's Particularized Complaint names twenty-one individuals as defendants. Trotman's Particularized Complaint reads more like a timeline of alleged wrongdoings than a complaint that raises claims for relief. On the first two pages, Trotman lists five Virginia state statutes that he "request[s] this Court grant motion for civil action." (Part. Compl. 1.) Trotman fails to identify what cause of action those statutes provide him or how those statutes were violated. Instead, on the following pages, he places the corresponding numbers assigned to the five Virginia statutes next to each set of allegations. Only one of the Virginia Code sections that he lists is a civil statute: Virginia Code section 57-1, the "Act for religious freedom recited."[3]

The Court identifies the following claims from his Particularized Complaint:[4]

    Claim One:    In May of 2013, Trotman informed Defendant Albright that the use of

---

[3] Trotman lists Virginia Code sections 57-1, 18.2-54.1, 18.2-415, 18.2-417, and 18.2-172. These sections are the "Act for religious freedom recited," see Va. Code Ann. § 57-1, and four criminal statutes including, "Attempts to poison," "Disorderly conduct in public places," "Slander and libel," and "Forging, uttering, etc., other writings," respectively.

[4] The Court employs the pagination assigned to the Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in quotations from the Particularized Complaint.

|              | synthetic substances such as thorazine was against his spiritual beliefs. (Part. Compl. 3.) |
|--------------|---|
| Claim Two:   | In September of 2013, Defendant Lofton-Beach administered dementia medicine to Trotman, forced him to take pills, and "called a[n] emergency squad to inject [Trotman] with needles." (Id.) |
| Claim Three: | In September of 2013, Defendant Wilkerson reported that Trotman attempted to attack her when "her safety was not at risk." (Id.) |
| Claim Four:  | In February of 2014, when Trotman entered Central State Hospital ("CSH") a third time, he informed Defendant Lee that he was a "practicing member of the Nations of God and Earth." (Id.) |
| Claim Five:  | In February of 2014, Trotman expressed to Defendant Yaratha "that use of synthetic substances such as thorazine (used to treat dementia or severe psych. diagnosis) were against my spiritual beliefs . . . and harmful to my health." (Id.) |
| Claim Six:   | From February of 2014 until November of 2014, Defendant Ernst, McDowell, Lyte, Bailey, Gaskill, Lofton-Beach "administered toxic chemicals not in accordance to anti-social personality disorder a[n] axis two disorder/diagnosis" violating Trotman's "religious civil freedoms." (Id. at 4.) |
| Claim Seven: | In March of 2014, Defendant McGakean "refused to release [Trotman] from four point restraints after [Trotman] already contracted for safety." (Id.) |
| Claim Eight: | In February through July of 2014, Defendant Miles "told several lies and conspired to keep me in harm's way" and |

7

|               | "was very rude and unprofessional." (Id.) |
|---|---|
| Claim Nine:   | On March 8 or 9, 2014, Defendant Graves "talked aggressively towards [Trotman]," relocated him to a "time out room," and after Trotman spit on Defendant Graves, Defendant Graves hit [Trotman] and knocked him over causing a mild concussion. (Id.) |
| Claim Ten:    | On February 24, 2014, Defendant Harper falsely accused Trotman of attacking him during a fight between Trotman and another inmate. (Id.) |
| Claim Eleven: | From February of 2015 until October of 2015, Defendant Jones "wrote bogus reports on [Trotman]" and "seemed . . . amused by harassing [Trotman] . . . ." (Id. at 5.) |
| Claim Twelve: | From February of 2015 until October of 2015, Defendant Forbes "made false reports and retracted certain statements about [Trotman's] behavior and progression to being released from Central State." (Id.) |

As relief, Trotman "request[s] that this Court grant motion for civil action . . . ." (Id. at 1.)

Trotman also names as defendants: Dr. Jack Barber, who Trotman labels as the "first named defendant;" "Fisher;" "Parham;" Dr. Grogan; and Tracy Henderson. (Id. at 2.) Trotman, however, does not even mention these defendants in the body of his Particularized Complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his

8

name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing U.S. ex rel. Brzozowski v. Randall, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Thus, Trotman has failed to state a claim against Defendants Barber, Fisher, Parham, Grogan, and Henderson. Accordingly, the claims against these Defendants will be dismissed without prejudice.

### III. DIVERSITY JURISDICTION

Trotman's claims are all brought under Virginia state law, thus the Court may only exercise diversity jurisdiction for these claims. Diversity jurisdiction is proper only when the amount in controversy exceeds $75,000.00 and the diversity of state citizenship among the parties is complete. 28 U.S.C. § 1332;[5] see Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388

---

[5] The statute provides in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(1998); Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999) (citations omitted). Defendants are presumably residents of Virginia. Although Trotman was incarcerated at Central State Hospital at the time the conduct underlying his claims arose, it appears that Trotman is a resident of New York. A rebuttable presumption exists that a prisoner does not acquire a new domicile in the state of his incarceration, but retains the domicile he had prior to his incarceration. Jones v. Hadican, 552 F.2d 249, 250-51 (8th Cir. 1977). The Court assumes that Trotman is a resident of New York for the purposes of this action.

Moreover, although Trotman failed to identify any request for monetary relief in his Particularized Complaint, Trotman requested seventy-five million dollars in his initial filing. Thus, the Court assumes that it has diversity jurisdiction over this action.

## IV. ANALYSIS OF REMAINING CLAIMS

Trotman bring his action pursuant to Virginia Code sections

---

      (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
      (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.

57-1, 18.2-54.1, 18.2-415, 18.2-417, and 18.2-172. These sections are: the "Act for religious freedom recited," see Va. Code Ann. § 57-1, and four criminal statutes including, "Attempts to poison," "Disorderly conduct in public places," "Slander and libel," and "Forging, uttering, etc., other writings," respectively. In Claims Seven, Eleven, and Twelve, Trotman alleges that the conduct contained therein only violates three sections of the Virginia criminal code, 18.2-415, 18.2-417, and 18.2-172. All of Trotman's other claims also argue alleged violations of the Virginia criminal code in some combination. As a preliminary matter, to the extent that Trotman desires to bring a criminal action against any of the named Defendants, he may not do so. Trotman, as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citation omitted) ("No citizen has an enforceable right to institute a criminal prosecution.") Thus, any attempt to bring a claim based on Virginia Code sections 18.2-54.1, 18.2-415, 18.2-417, or 18.2-172 is legally frivolous. Accordingly, Claims Three, Eleven, and Twelve are dismissed with prejudice in their entirety. The remaining claims are dismissed with prejudice to the extent they allege a violation of a Virginia criminal statute.

In Claims One, Two, and Four through Ten, Trotman complains of conduct that occurred from May of 2013 until November of 2014. Trotman's remaining claims are brought solely pursuant to Virginia Code section 57-1. Virginia permits a two year limitation for such a claim. See Va. Code Ann. § 8.01-243 and 8.01-248.[6] Hence, Trotman should have filed his Complaint within two years from when the underlying claims accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, United States v. Kubrick, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." Almond v. Sisk, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995).

Trotman filed his initial Complaint on October 13, 2017.[7] (ECF No. 1, at 1.) Thus, for Trotman's remaining claims to be timely, the claims must have accrued on or after October 13, 2015. However, the Particularized Complaint clearly indicates

---

[6] It is unclear whether a claim under Virginia Code section 57-1 would be considered a personal injury claim. Nevertheless, Virginia Code section 8.01-248 governs "Personal actions for which no other limitation is specified" and also provides a two-year statute of limitations. Va. Code Ann. § 8.01-248 (West 2018).

[7] This is the day that the Court marked the Complaint "RECEIVED." (ECF No. 1, at 1.)

that Claims One, Two, and Four through Ten accrued between May of 2013 and November of 2014. Accordingly, because Claims One, Two, and Four through Ten are untimely filed, these claims will be also dismissed with prejudice.

## V. CONCLUSION

Defendants Barber, Fisher, Parham, Grogan, and Henderson will be dismissed without prejudice. Trotman's claims will be dismissed with prejudice. The action will be dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to Trotman.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 2, 2018